UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Lawrence H. Thompson,**

    **Plaintiff,**

-V-             **Case No. 2:06-CV- 993**
           **JUDGE SMITH**
           **Magistrate Judge Kemp**

**United States of America,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff Lawrence H. Thompson ("Thompson") brings this action under 26 U.S.C. § 7609(b)(2)(A) seeking to quash forty Internal Revenue Service ("IRS") summonses issued to third parties by the IRS office in Seattle, Washington. Plaintiff asserts that the issuance of these summonses violates due process, the Internal Revenue Code, Treasury Regulations, and the IRS Internal Revenue Manual. Defendant United States ("U.S.") has moved for dismissal of all claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and 26 U.S.C. § 7609(h) for improper venue (Doc. 4). For the reasons that follow, the Court **GRANTS** Defendant U.S.'s Motion to Dismiss.

## I.  FACTS

On or about April 22, 2006, Thompson received a letter from Paul Shipley, an IRS agent in Defendant's Seattle office, stating that the IRS had selected Thompson's 2002 tax return for an audit. Shipley's letter included an Information Document Request ("IDR"), requesting that Thompson produce documents related to his 2002 tax return. Thompson's counsel apparently tried to contact Mr. Shipley in May 2006, but received no response until September 2006, when Mr. Shipley informed Thompson's counsel that the IRS had also selected Thompson's 2003 and 2004 tax returns for audit.

In October 2006 Thompson's counsel requested that the audit be moved to Dallas, Texas because Thompson's records were located in Dallas and Thompson was in poor health. Thompson's counsel agreed in writing to extend the statute of limitations in order to secure the transfer of the audit to Dallas.

In mid-October 2006 Shipley drafted and sent forty administrative summonses, signed by Shipley and Shipley's manager, to various third-party record keepers. Thompson's counsel did not receive notice that the summonses had been sent until November 6, 2006. Thompson's counsel contacted the Area Director for the IRS, who held a telephone conference with Thompson's counsel, Shipley, and other IRS employees in the Seattle office. The participants in the telephone conference discussed Thompson's concerns about departures from IRS procedures regarding notice of third-party summonses, and the IRS apparently declined to transfer the audit to Dallas.

Thompson filed his petition to quash the summonses in this Court on November 22, 2006. At the same time, he filed similar petitions in thirteen other federal district courts across the country in which the individuals and corporations that received summonses were located.

On January 12, 2007, the IRS issued letters to all forty of the summoned entities formally withdrawing each summons due to "flaws in providing the Noticee copies." On the same date, the IRS provided copies of the summons-withdrawal letters to Thompson.

On January 22, 2007, the U.S. filed its motion to dismiss for lack of subject matter jurisdiction and improper venue. The motion has been fully briefed and is now ripe for review.

## II.  DISCUSSION

In its motion to dismiss, the Government argues that Thompson's claim should be dismissed for lack of subject matter jurisdiction and improper venue. (Def.'s Mot. to Dis. at 1). Thompson does not dispute the Government's allegations of lack of subject matter jurisdiction and improper venue, but instead argues that 26 U.S.C. § 7430 allows him to recover administrative and legal costs incurred during the tax proceedings. (Pl.'s Memo. in Opp. at 3-5). Though Thompson does not dispute the Government's subject matter jurisdiction and improper venue arguments, the Court will address those arguments. The Court will also address Thompson's contention that the motion to dismiss should be denied because he is entitled to recover administrative and legal fees.

**A.     Improper Venue**

Federal tax law limits federal district court jurisdiction to hear petitions to quash summonses; the proceeding to quash must be commenced only in the district where the summoned party resides or is found. 26 U.S.C. § 7609(h)(1). Therefore, in a petition to quash a summons issued to a third-party recordkeeper, jurisdiction exists where the third-party resides or

does business. *Beck v. U.S.*, 60 Fed. Appx. 551 (6th Cir. 2003). *See also Masat v. United States*, 745 F.2d 985 (5th Cir. 1984); *Bilodeau v. United States*, 577 F. Supp. 234 (D.N.H. 1983).

Thompson has not proven that venue is proper. Of the forty parties that received summonses, only one may be found in the Southern District of Ohio, Discovery Business Services, with an address in New Albany, Ohio. (Compl. ¶ 7). The only other summoned entity located in Ohio, Key Bank, has an address in Brooklyn, Ohio, which is in the Northern District of Ohio. *Id.* There is no information in the record to suggest that the summoned entities other than Discovery Business Services reside in or can be found in the Southern District of Ohio as required by 26 U.S.C. § 7609(h)(1). As a result, venue is proper only with regard to the summons issued to Discovery Business Services. This court has no jurisdiction to hear the complaints regarding the other thirty-nine summonses.

**B.     Lack of subject matter jurisdiction**

The Government contends that the IRS's voluntary withdrawal of the administrative summonses on January 12, 2007 rendered the Plaintiff's complaint moot, and that accordingly the Court has no jurisdiction over this matter. (Def.'s. Mot. to Dis. at 3). The Government relies on the U.S. Constitution and Supreme Court case law to support its contention.

According to Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193 (1988). "A federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (*quoting North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). It is not enough that the case

4

or controversy exists at the time the complaint is filed; "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser*, 422 U.S. at 401 (1975) (*quoting Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (internal quotation marks omitted)). The Government argues on the basis of these authorities that the withdrawal of the summonses moots the case or controversy that existed at the time the Plaintiff filed his complaint, and therefore, that there is no longer any question for the court to decide that may affect the rights of the litigants.

We agree with district courts in our sister circuits that the IRS's withdrawal of the summonses renders Thompson's action moot by removing the case or controversy before this Court. *See Thompson v. U.S.*, No. 3:06-CV-2144-D (BH), 2007 WL 1412308, *3 (N.D. Texas 2007); and *Thompson v. U.S.*, No. 06-4572 (PAM/JSM), 2007 WL 773713 *1 (D. Minn. 2007); *Thompson v. U.S.*, No. 06-523 (RWR), 2007 WL 1891167 (D.D.C. 2007).

Thompson contends that this case is not moot because of the "capable of repetition, yet evading review" exception to mootness doctrine. (Pl.'s Memo. in Opp. at 3). *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 66-67 (1987). As noted by the Northern District of Texas, this "capable of repetition" exception permits "a federal court to decide a case where: 1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and 2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Thompson*, 2007 WL 1412308 at *3 (*citing Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

Thompson contends that the IRS intends to reissue the summonses, and that the possibility therefore exists that the challenged conduct–issuing IRS summonses without

notifying the taxpayer that such conduct will be made–could recur. As the Northern District of Texas pointed out, however, Thompson could challenge any reissued summonses that violate IRS procedure through another motion to quash. *Id.* There is therefore no danger that a further violation of IRS procedure could go unchallenged in court. As a result, Thompson's claim fails to satisfy the first element of the "capable of repetition" exception to mootness doctrine, and this Court therefore has no jurisdiction to consider Thompson's claim.

**C.      Plaintiff's claim that he is entitled to recover administrative and legal fees**

Plaintiff claims that he is entitled to recover legal and administrative fees, even if the case or controversy underlying his initial claim is moot.

The Supreme Court has made clear that an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). Mr. Thompson's request for an award of fees and costs is therefore not a sufficient case or controversy for the purposes of jurisdiction. *See Thompson*, 2007 WL 1412308 at *4; and *Thompson*, 2007 WL 773713 at *1.

Furthermore, the Supreme Court has noted in another context that "prevailing party" is a legal term of art that generally denotes a person who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001). The statute at issue conforms to that definition; the statute allows a prevailing party to submit an application for an award of fees and expenses after "a final judgment," 28 U.S.C. § 2412(d)(1)(B), indicating that court action on the matter is a prerequisite to an award of costs.

6

Because there has been no court action on this matter due to the IRS's voluntary withdrawal of the summonses, there can be no award of costs and expenses.

The Government's assertion that Mr. Thompson may not recover fees and costs because he cannot prove he is a "prevailing party" within the meaning of the statute is well taken. *See Thompson v. U.S.*, 2007 WL 773713 at *1. Having determined that an award of costs and fees is not available here, this Court need not further scrutinize the Government's claims with regard to the specific statutory requirement for an award of fees and costs.

### III.  CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Defendant United States's Motion to Dismiss.

Plaintiff's claim shall be dismissed with prejudice.

The Clerk shall remove Document 4 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**